UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

VIVIAN ZHANG,

        Plaintiff,

-against-

JPMORGAN CHASE & CO., d/b/a CHASE AUTO FINANCE,

        Defendant.

------------------------------------------------------------x

05 CV 8605 (KMW)

"ECF CASE"
COMPLAINT AND
JURY DEMAND

JUDGE WOOD

RECEIVED OCT 07 2005 U.S.D.C. S.D.N.Y. CASHIERS

    Plaintiff, Vivian Zhang, by her attorneys, Greenfield Stein & Senior, LLP, for her complaint, alleges:

    1.    Plaintiff Vivian Zhang is a natural person who is a citizen of and is domiciled in the State of New York. Ms. Zhang is female, of Chinese origin, and Asian race.

    2.    Defendant JPMorgan Chase & Co., d/b/a Chase Auto Finance ("Chase") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located in New York City.

    3.    Subject matter jurisdiction of this Court exists by reason of 42 U.S.C. §2000(e) *et seq.* ("Title VII").

    4.    The Equal Employment Opportunity Commission issued a "Right to Sue" letter dated July 13, 2005, a copy of which is attached hereto as Exhibit A.

## Relationship of the Parties

5. Ms. Zhang started her career at Chase in September of 1998 as a portfolio risk analyst with the title of Assistant Vice President.

6. Ms. Zhang at all times performed her duties well and was fully qualified for the position she held and for promotion to a higher position.

7. Ms. Zhang requested and applied for promotion on numerous occasions, but repeatedly was denied promotion, even though she was qualified for it.

8. Upon information and belief, she was denied such promotions on a discriminatory basis because management was biased against her because of her race, national origin and gender.

9. Other individuals who were no better qualified and, in some instances, less qualified than Ms. Zhang were put into the positions to which she had sought to be promoted.

10. When Ms. Zhang complained to her manager and to the Human Resources Department about the failure to promote her and her belief that she was being discriminated against, her manager retaliated against her.

11. Among other things, her manager told her that she had no future in his area and that she would need to make a lateral move elsewhere in order to advance.

12. Upon information and belief, the Human Resources Department conducted a survey concerning her manager and found that he had consistent behavior problems.

13. The manager was required to make a public apology at a staff meeting.

14. Upon information and belief, however, no further action was taken against her manager and he continued to discriminate and retaliate against her.

15. Among other things, the retaliation took the form of transferring her to a new division where her new manager was under instructions to alienate and isolate her.

16. The new manager gave her no substantial projects and excluded her from meetings.

17. She was the only person in the area who was not provided with a laptop computer and, as a result, was the only person in the area who could not work from home.

18. Upon information and belief, the new manager told Ms. Zhang's co-workers not to cooperate with her when she requested information from them.

19. Ms. Zhang again complained to the Human Resources Department about the discriminatory and retaliatory treatment. While the Human Resources representative purported to express sympathy and understanding, no substantive action was taken and there was no change in the manager's discriminatory and retaliatory treatment.

20. Indeed, the manager made a statement in a staff meeting to the effect that "some people tried to bring the house down" indicating that he was aware and resentful of Ms. Zhang's complaints about him.

21. Thereafter, the manager took further retaliatory steps against Ms. Zhang, including demoting her to report to a person below the manager's level, moving her from a large cubicle to a smaller one with no explanation, giving Ms. Zhang unreasonable assignments which she could not complete within the designated time frames, reducing Ms. Zhang's performance review level without justification, taking away her bonus, denying her any salary increase, and putting Ms. Zhang under "tight scrutiny" so as to find fault with her employment and create an excuse for terminating her employment.

22. The discrimination and retaliation caused Ms. Zhang to suffer severe mental and emotional distress. She was required to go on antidepressant medications and became so depressed that she had a breakdown and was not able to report to work. The working conditions were so intolerable that any reasonable person would have felt compelled to resign. Ms. Zhang did indeed resign, not voluntarily, but as the result of Chase's mistreatment of her (constructive discharge).

23. The discrimination and retaliation against Ms. Zhang was only one of many instances in which minority group members were forced out of Chase Auto Finance.

24. Chase management was well aware of the problem concerning discrimination and retaliation, both because Ms. Zhang herself complained and because of the many other instances where it occurred.

25. Nevertheless, management failed to provide any explanation to Ms. Zhang and failed to take meaningful steps to remedy the situation.

26. As a result of the foregoing, Ms. Zhang suffered severe mental and emotional distress and has suffered a severe loss of earnings and impairment to her career.

27. She has had to take alternative employment at which she is earning far less than she earned at Chase.

28. Ms. Zhang also has had to retain counsel and expend money for attorneys' fees.

29. Chase's actions against Ms. Zhang were willful and malicious, thus entitling her to punitive damages.

### First Cause of Action
### (Federal Claim for Employment Discrimination)

30. Ms. Zhang was discriminated against in the terms and conditions of her employment because of her gender, race and national origin.

31. As a result thereof, Ms. Zhang was injured in an amount to be determined at trial but in an amount of no less than $1,000,000.00

32. Ms. Zhang has fulfilled all prerequisites for asserting this claim in this Court. By reason of the foregoing, Ms. Zhang is entitled to recovery pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*

## Second Cause of Action
### (Employment Discrimination Under State Law)

33. Ms. Zhang reasserts the allegations contained in paragraphs 1 through 32 above.

34. By reason of the foregoing, defendant violated New York State Executive Law §296 by committing unlawful discriminatory practices against the plaintiff and thereby injured her in an amount to be determined at trial, but not less than the sum of $1,000,000.00.

## Third Cause of Action
### (Employment Discrimination Under City Law)

35. Plaintiff reasserts the allegations contained in paragraphs 1 to 34.

36. By reason of the foregoing, defendant violated the New York City Human Rights Law, Title 8 of the N.Y.C. Admin. Code, and thereby injured plaintiff in an amount to be established at trial, but not less than the sum of $1,000,000.00

**WHEREFORE**, Plaintiff Vivian Zhang demands judgment against the defendant as follows:

(a) on the First Cause of Action, directing reinstatement and/or awarding her damages for lost wages and mental and emotional distress in the amount of not less than $1,000,000.00, plus front pay, punitive damages, interest, and the costs, disbursements and attorneys' fees incurred in this action;

(b) on the Second Cause of Action, directing reinstatement and/or awarding her damages for lost wages and mental and emotional distress in the amount of not less than $1,000,000.00, with front pay, interest, and the costs and disbursements incurred in this action;

(c) on the Third Cause of Action, directing reinstatement and/or awarding her damages in the amount of not less than $1,000,000.00 for lost wages and mental and emotional distress plus front pay, punitive damages in the amount of not less than $1,000,000.00, interest, attorneys' fees, and the costs and disbursements of this action; and

(d) for whatever other and further relief this Court deems just and proper.

Dated: New York, New York
October 7, 2005

GREENFIELD STEIN & SENIOR, LLP

By: _____
Paul T. Shoemaker (PS5388)
*Attorneys for Plaintiff, Vivian Zhang*
600 Third Avenue
New York, New York 10016
(212) 818-9600

PLAINTIFF DEMANDS A TRIAL BY JURY

EEOC Form 161 (10/96)   U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Ms. Vivian Zhang<br>9 Highland Place<br>Sea Cliff, NY 11579 | From: Equal Employment Opportunity Commission<br>New York District Office<br>33 Whitehall Street, 5th Floor<br>New York, New York 10004-2112 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2005-02215 | Legal Unit | (212)336-3625 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

_____   7/12/05
Spencer H. Lewis, Jr., District Director   *(Date Mailed)*

Enclosure(s)

cc: Respondent(s): JP Morgan Chase Bank
    Attn.: W. Shepherd Rucker, VP Employee Relations
    P. O. BOX 2558
    Houston, Texas 77252 - 8358

Enclosure with EEOC
Form 161-B (3/98)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>**within 90 days**</u> **of the date you *receive* this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit <u>before 7/1/02</u> -- *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA backpay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request <u>within 6 months</u> of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*